## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

ELIZABETH FLORES, on her own behalf;
J.S.1, a minor, by his mother and next friend
    ELIZABETH FLORES;
J.S.2, a minor, by his mother and next friend        Case No. 18-cv-00297
    ELIZABETH FLORES;
J.S.3, a minor, by his mother and next friend
    ELIZABETH FLORES;
A.S., a minor, by his mother and next friend
    ELIZABETH FLORES;
J.R., a minor, by his mother and next friend
    PRISCILLA RASCO; and
M.R., a minor, by her mother and next friend
    PRISCILLA RASCO, and
O.N., a minor, by his mother and next friend
    NORMA GUTIERREZ,

       Plaintiffs,

    vs.

JOSE RIVAS #2985;
C. SANDOVAL,

       Defendants,
_____/


## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES Plaintiffs, ELIZABETH FLORES, on her own behalf and as the mother

and next of friend of J.S.1, J.S.2., A.S., and J.S.3., minors, and PRISCILLA RASCO, as the mother

and next friend of J.R. and M.R., minors, and NORMA GUTIERREZ, as the mother and next

friend of O.N., a minor, by and through their attorneys, complaining of Defendants, and

respectfully allege as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action in which the Plaintiffs seeks relief for the violation of their rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. The events that give rise to this lawsuit took place at the Seville Recreation Center, 6700 Sambrano Avenue, El Paso, Texas.

4. Venue is appropriate in the Western District of Texas pursuant to 28 U.S.C § 1391(b) since the individual Defendant Officers are employees of El Paso County and the acts providing the legal basis for this complaint occurred in the City of El Paso, County of El Paso, State of Texas.

## PARTIES

5. Plaintiff, ELIZABETH FLORES ("Ms. Flores") is the mother and guardian of J.S.1., age 17, J.S.2., age 15, A.S., age 13, and J.S.3., age 12. Ms. Flores and her minor children are residents of El Paso, Texas.  Ms. Flores sues on her own behalf and on behalf of her children.

6. Plaintiff, PRISCILLA RASCO ("Ms. Rasco") is the mother and guardian of J.R., age 12, and M.R., age 13. Ms. Rasco and her minor children are residents of El Paso, Texas. Ms. Rasco sues on behalf of her children.

7. Plaintiff, NORMA GUTIERREZ ("Ms. Gutierrez") is the mother and guardian of O.N., age 13. Ms. Gutierrez and her minor child are residents of El Paso, Texas. Ms. Gutierrez sues on behalf of her child.

8. Defendant, JOSE RIVAS ("Rivas") is employed by the City of El Paso as a police officer in the El Paso Police Department, badge #2985, and was acting under the color of state law.

9. Defendant, C. SANDOVAL ("Sandoval") is employed by the City of El Paso as a police officer in the El Paso Police Department, and was acting under the color of state law.

10.     The individual Defendants, Defendant Rivas and Defendant Sandoval, whenever referred to collectively, will be referred to as the individually named "Defendant Officers."

11.     On or about July 5, 2018 at the time of the events alleged in this Complaint, both of the individually named Defendants Officers were at all times acting in their individual capacities, within the course and scope of their employment as police officers and/or agents employed by the City of El Paso and under the color of law.

## FACTUAL BACKGROUND

12.      On July 5, 2018, at approximately 6:00 PM, a group of children were playing outside at the Seville Recreational Center to celebrate the thirteenth birthday of M.R.

13.     Included in the group of children were J.S.1., J.S.2., J.S.3., A.S., J.R., M.R., and O.N. The ages of the children ranged from approximately 8 to 16 years old.

14.     Defendant Officers confronted the children.

15.     Defendant Rivas forced J.S.2. to the ground, kicked him in the leg and held him against a cement post.

16.     J.S. 2 did not do any observable act(s) that would give a reasonable officer reasonable suspicion or probable cause that criminal activity was afoot.

17.     No lawful basis existed for Defendant to detain or use force against J.S.2.

18.     Defendant Rivas then drew his weapon and pointed his gun at a group of nearby children and announced, "back up motherfucker!"

19.     This group of children did nothing to give a reasonable officer reasonable suspicion or probable cause that they were engaging in any criminal activity, and they certainly did nothing to have a gun pointed at them.

3

20.    No lawful basis existed for Defendant to point a loaded weapon at a group of concerned children.

21.    Defendant Rivas kept J.S.2. on the ground and shoved his knee into his face. This act alone was far more force than was necessary to effectuate the arrest, even if the arrest was lawful. Either way, this assault constitutes a seizure, per the Fourth Amendment.

22.    A few moments later, Defendant Officers flipped, dragged and slammed J.S.2. to the ground. Defendant Officers placed him in handcuffs. This too was far more force than necessary to effectuate the arrest, even if the arrest was lawful. Either way, this assault constitutes a seizure, per the Fourth Amendment

23.    No lawful basis existed for Defendants to detain, arrest, or use force against J.S.2.

24.    The excessive forced used on J.S.2. was violative of the Fourth Amendment.

25.    Defendant Rivas then drew his stick and waved it at the other children and shoved another child out of his way. These actions too constitute a seizure, per the Fourth Amendment. There was no lawful basis, nor did the children do anything, that would have given a reasonable officer to feel that such an assault was reasonable or necessary.

26.    Ms. Flores then made the scene and saw that her son was being violently detained.

27.    Soon after, J.S.1., the youth filming the incident, announced to the other children not to worry because he was going to report the incident.

28.    Immediately after J.S. 1 announced this, Defendant Rivas walked to J.S.1., handcuffed, and detained or arrested him. It is clear that J.S. 1 was handcuffed, and detained or arrested merely for recording the incident and announcing he'd report it, all of which is protected by the First Amendment.

29.    No lawful basis existed for Defendant to handcuff, detain, or arrest J.S.1.

4

30.     There was no reasonable suspicion or probable cause that J.S. 1 had engaged in criminal activity; he was taken into custody as punishment for constitutionally protected actions.

31.     The unlawful handcuffing, arrest and detainment of J.S.1. was done in blatant violation of the Fourth Amendment and First Amendment.

32.     J.S. tossed his cell phone to his mother, Ms. Flores, so she could continue to record the incident.

33.     Defendant Rivas attempted to then take the phone from Ms. Flores, but she ran away to preserve the recording of the events.

34.     Defendant Rivas pushed Ms. Flores three or four times.

35.     Ms. Flores did not do anything unlawful that would have given Rivas a lawful basis to make contact with her at all, let alone to push her.

36.     Due to the force used, Ms. Flores lost her balance and stepped on a nearby child, M.R., causing serious injury to M.R.'s foot and ankle requiring emergency hospital treatment.

37.     No lawful basis existed for Defendant to push Ms. Flores. She was pushed to prevent her from recording, to retaliate against her for recording, and without any reasonable suspicion or probable cause that she was engaged in constitutionally protected conduct.

38.     The force used against Ms. Flores was thus in blatant violation of the First and Fourth Amendments.

39.     Specifically:

    a.  Plaintiff, Elizabeth Flores states that Defendant Rivas tried to take her phone away from her because she was recording him, and that he pushed her three to four times causing her to fall onto a child and injure a minor, Plaintiff M.R. Plaintiff Flores was verbally detained by Defendant Officers and was not free to leave. Plaintiff

5

was chased by Defendant Rivas because he wanted to take her phone 'as evidence.' Plaintiff states that no lawful basis existed for these actions of Rivas.

b.  Plaintiff, A.S. states that Defendant Rivas pointed a gun at him, that he was handcuffed, and later released. Plaintiff was handcuffed and detained in retaliation for Plaintiff's act of asking Defendant Rivas why he was hurting his brother, J.S.2. Defendant Rivas asked A.S. what he was going to do about it and then handcuffed and detained A.S. Plaintiff alleges that no lawful basis existed for these actions.

c.  Plaintiff, J.S.1. states that while he was recording the incident, Defendant Rivas confronted J.S.1. and made him stop recording. J.S.1. was then handcuffed and arrested by Defendant Officers. J.S.1 was originally charged with 'Tampering with Evidence,' and then 'Interfering with Evidence.' He was incarcerated for over a week before he was released. Both the charges against J.S.1. were dismissed. Plaintiff states that no lawful basis existed for Rivas' actions or charges.

d.  Plaintiff, J.S.2. states that Defendant Rivas unnecessarily kneed him in the face while Defendant held him against a concrete wall. J.S.2 also alleges that Defendant Officers unnecessarily slammed him to the ground. Plaintiff alleges that no lawful basis existed for these actions.

e.  Plaintiff, J.S.3. states that Defendant Rivas pointed a gun at him and verbally detained J.S.3 where he was not free to leave. Plaintiff alleges that no lawful basis existed for these actions.

f.  Plaintiff, J.R. states that Defendant Rivas pointed a gun at him. Plaintiff alleges that no lawful basis existed for these actions.

g.  Plaintiff, M.R. states that Defendant Rivas pointed a gun at her and caused her to fall and sustain injuries when he pushed Plaintiff Elizabeth Flores. M.R. was treated at a hospital for her injuries. Plaintiff M.R. Plaintiff alleges that no lawful basis existed for these actions.

h.  Plaintiff, O.N. states that Defendant Rivas pointed a gun at him and slammed him face first into the concrete. Plaintiff alleges that Defendant used this force against him in retaliation for Plaintiff mouthing off to Defendant. Plaintiff alleges that no lawful basis existed for these actions.

40.    None of the herein described actions taken by the defendants against the plaintiffs, were done in good faith nor were they objectively reasonable. To the contrary, they were done wantonly, maliciously, knowingly, intentionally, with deliberate indifference and gross negligence, and with total disregard for the plaintiffs' safety and constitutional rights.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (First Amendment – Unlawfully Preventing Recording of Police Officers and Retaliation)

### *(Ms. Flores and J.S.1. v. Defendant Rivas)*

41.    Plaintiffs incorporate herein all the prior allegations.

42.    Plaintiffs Ms. Flores and J.S.1. engaged in Constitutionally protected conduct of recording a police officer with a cell phone camera.

43.    Defendant Rivas tried to take Ms. Flores phone from her for exercising her First Amendment right to record a police officer.

44.    In retaliation for her protected conduct, Defendant Rivas tried to confiscate her phone and take it away from her.

45.     Defendant Rivas arrested J.S.1. for exercising his First Amendment right to record a police officer and for stating that he intended to report unlawful police behavior.

46.     In retaliation for this protected conduct, Defendant Rivas intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested J.S.1. without a warrant or any lawful basis.

47.     J.S.1.'s retaliatory arrest was based on Defendant Rivas' knowing, deliberate, and reckless disregard for the truth, Further, Defendant Rivas had no knowledge of any fact or circumstance which would lead a reasonable person to believe that J.S.1. committed any offense, whatsoever.

48.     Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

49.     The retaliation was motivated at least in part by the protected speech.

50.     There was a causal connection between Plaintiffs' Constitutionally protected conduct and the adverse retaliatory actions taken by Defendant against Plaintiffs.

51.     Defendant Rivas intentionally tried to confiscate Ms. Flores cell phone when she exercised her constitutionally protected rights.

52.     Defendant Rivas intentionally arrested J.S.1. and/or had him arrested with the intention of confining him within the fixed boundaries, and kept him confined in their custody for one (1) week before releasing him and charging him with 'Tampering with Evidence' and then subsequently, 'Interfering with Evidence' for exercising his constitutionally protected rights.

53.     Defendant's conduct in arresting and confining J.S.1. and attempting to confiscate Ms. Flores personal property deprived them of their liberty without consent, probable cause, legal justification, just cause, or any other legally valid reason.

8

54.     Further, Rivas' actions were done in retaliation for these plaintiffs recording him and for what they said and did, all of which was constitutionally protected.

55.     Such retaliation would deter a person of ordinary firmness from engaging in such protected conduct.

56.     There was a causal connection between Rivas' retaliatory actions and these plaintiffs' constitutionally protected conduct.

57.     As a proximate result of the illegal and unconstitutional acts of Defendant Rivas, Plaintiffs were harmed and suffer damages for physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Unlawful Arrest)

*(J.S.1. v. Defendant Officers)*

58.     Plaintiffs incorporate herein all the prior allegations.

59.     The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

60.     At all times relevant, Plaintiff had a clearly established right to liberty, including the right to personal safety and bodily integrity, as well as protection from unlawful arrest, unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

61.     At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

62.     Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently arrested Plaintiff without a warrant or any lawful basis.

63.     Plaintiff was handcuffed and arrested by Defendant Officers for filming them and saying he would make a complaint.

64.     After being handcuffed, Plaintiff was arrested, taken into custody and not free to leave.

65.     Plaintiff's arrest was based on Defendants' knowing, deliberate, and reckless disregard for the truth as the Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that J.S.1. committed or was committing any offense, whatsoever.

66.     Defendant Officers intentionally arrested J.S.1. with the intention of confining him. Additionally, Defendants conduct in arresting and confining Plaintiff deprived him of his liberty without consent, reasonable suspicion, probable cause, legal justification, just cause, or any other legally valid reason.

67.     All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

68.     The acts complained of were carried out by Defendants in their capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

69.     Defendants' actions constituted an unlawful arrest of J.S.1.

70.     As a proximate result of the illegal and unconstitutional acts of the Defendant, J.S.1. was harmed and suffered damages for mental, and emotional injuries and pain, mental anguish, humiliation, and embarrassment.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Unlawful Detention)**

*(J.S.1. v. Defendant Officers)*

71.    Plaintiffs incorporate herein all the prior allegations.

72.    The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest and initiating criminal proceedings.

73.    At all times relevant, Plaintiff had a clearly established right to liberty, including the right to personal safety and bodily integrity, as well as protection from unlawful arrest, malicious prosecution, unlawful seizure and unnecessary force pursuant to the Fourth Amendment to the United States Constitution.

74.    At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

75.    Defendant Officers arrested and charged Plaintiff for exercising his constitutionally protected right to record police officers in the line of duty.

76.    Defendant Officers commenced criminal proceedings against Plaintiff where they charged him with "Tampering with Evidence" and "Interfering with Evidence."

77.    Defendant Officers caused the charges against Plaintiff to be brought when they arrested him for recording them with his cell phone.

78.    Plaintiff's act of recording the Defendant Officers did not "interfere" or "tamper" with evidence as Defendant Officers claimed.

79.    Defendant Officers acted without probable cause or reasonable suspicion and acted in bad faith when they arrested and charged Plaintiff with the crimes stated herein.

80.    Both charges against Plaintiff were dismissed in his favor.

81.     As a proximate result of the illegal and unconstitutional acts of the Defendant, J.S.1. was harmed and suffered damages for mental, and emotional injuries and pain, mental anguish, humiliation, and embarrassment.

### COUNT IV
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Detention)

### *(Ms. Flores, A.S., J.S.3. v. Defendant Officers)*

82.     Plaintiffs incorporate herein all the prior allegations.

83.     The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest and/or detainment.

84.     At all times relevant, Plaintiffs had a clearly established right to liberty, including the right to personal safety and bodily integrity, as well as protection from unlawful seizure, unlawful arrest, unlawful detention and unnecessary force pursuant to the Fourth Amendment to the United States Constitution.

85.     At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

86.     Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained Plaintiffs without a warrant or any lawful basis.

87.     Defendant Officers verbally detained Ms. Flores and J.S.3 where they would not permit Plaintiffs to leave. The Defendants detained Ms. Flores and J.S.3 when they restricted their movements by giving them orders not to leave, which would impress upon a reasonable person that they are not free to leave and are detained. Defendant Officers physically detained A.S. where they handcuffed him and placed him near the squad car for at least thirty (30) minutes before he was released.

88.     During the time Plaintiffs were not free to leave and were therefore detained.

89.     Plaintiffs detainment was based on Defendant Officers' knowing, deliberate, and reckless disregard for the truth as the Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiffs committed or were committing any offense, whatsoever.

90.     Defendant Officers intentionally seized Plaintiffs with the intention of confining them at the scene. Additionally, Defendant's conduct in arresting and handcuffing A.S. and verbally detaining Ms. Flores and J.S.3. deprived them of their liberty without consent, reasonable suspicion, probable cause, legal justification, just cause, or any other legally valid reason.

91.     All the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

92.     The acts complained of were carried out by Defendants in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

93.     Defendants' actions constituted an unlawful detainment of Plaintiffs.

94.     As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiffs were harmed and suffered damages for mental, emotional injuries and pain, mental anguish, humiliation, and embarrassment.

### COUNT V
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Unlawful Seizure & Excessive Force)

### *(J.S.2., J.S.3., A.S., J.R., M.R., & O.N., v. Defendant Rivas)*

95.     Plaintiffs incorporate herein all the prior allegations.

96.     The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest, detainment or seizure.

97.     At all times relevant, J.S.2., J.S.3., A.S., J.R., M.R., and O.N., had a clearly established right to liberty, including their right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

98.     At all times relevant, as a police officer acting under color of law, Defendant Rivas was required to obey the laws of the United States.

99.     Defendant Rivas intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained and/or arrested and/or seized Plaintiffs without a warrant or any lawful basis.

100.    Defendant Rivas pointed his gun at the group of children.

101.    During the time Defendant Rivas pointed his gun and the children, they were not free to leave and were all therefore arrested and/or detained and/or seized.

102.    When Defendant Rivas pointed his gun at the children, he was kneeing another child in the face and holding him against a concrete wall and the Plaintiffs were standing nearby. With his gun drawn he yelled get back. Plaintiffs, with a gun pointed at them, complied with the order and stepped back.

103.    Defendant Rivas used unnecessary and unreasonable force when he pulled him gun on Plaintiffs who were standing on the sidewalk and not committing a crime.

104.    Plaintiffs' arrests were based on Defendant Rivas' knowing, deliberate, and reckless disregard for the truth as Defendant Rivas had no knowledge of any fact or circumstance

which would lead a reasonable person to believe that Plaintiffs committed or were committing any offense, whatsoever.

105.   Defendant Rivas intentionally seized Plaintiffs with the intention of confining them where they stood on the sidewalk. Additionally, Defendants conduct in arresting and confining Plaintiffs deprived them of their liberty without consent, reasonable suspicion, probable cause, legal justification, just cause, or any other legally valid reason.

106.   All the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

107.   The acts complained of were carried out by Defendant Rivas in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

108.   Defendants Rivas' actions constituted an unlawful arrest, detention or seizure of Plaintiffs.

109.   As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiffs were harmed and suffered damages for mental, and emotional injuries and pain, mental anguish, humiliation, and embarrassment.

## COUNT VI
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

### *(Ms. Flores and J.S.2. v. Defendant Rivas)*

110.   Plaintiffs incorporate herein all the prior allegations.

111.   Plaintiffs suffered injuries as described herein as a direct result of the excessive and unnecessary force used by Defendant Rivas.

112.   J.S.2. was taken to the ground, kicked, forced against a cement post and kneed in the face.

113.   This physical attack on J.S.2., a minor, was without legal justification.

114.   The force used was objectively unreasonable and not proportional as J.S.2. was unarmed, and did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

115.   Ms. Flores was pushed several times by Defendant Rivas.

116.   Defendants use of force caused Ms. Flores to fall on a nearby child, Plaintiff M.R. and cause her injuries which required immediate hospital treatment.

117.   The force used was objectively unreasonable and not proportional as Ms. Flores was also unarmed, and did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

118.   At all times relevant, Plaintiffs had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including the right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

119.   At all times relevant, as a police officer acting under color of law, Defendant Rivas was required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

120.   In violation of Plaintiffs' clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Rivas employed

unnecessary, unreasonable, and excessive force against J.S., thereby inflicting personal injuries upon him.

121.   All the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

122.   The acts complained of were carried out by the Defendant Rivas in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

123.   Defendant Rivas' actions constituted excessive force of J.S.2 and Ms. Flores.

124.   As a proximate result of the illegal and unconstitutional acts of Defendant, Plaintiffs was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment – Excessive Force)

### *(J.S.2. v. Defendant Officers)*

125.   Plaintiffs incorporate herein all the prior allegations.

126.   J.S. suffered injuries as described herein as a direct result of the excessive and unnecessary force used by Defendant Officers.

127.   J.S., a youth, was flipped, dragged and slammed J.S. to the ground by both Defendant Officers.

128.   This physical attack on J.S. was without legal justification.

129.   The force used was objectively unreasonable and not proportional as J.S. was unarmed and already detained, and did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

130.    At all times relevant, J.S.2. had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

131.    At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

132.    In violation of J.S.2.'s clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendants employed unnecessary, unreasonable, and excessive force against J.S., thereby inflicting personal injuries upon him.

133.    All the aforementioned acts deprived J.S.2. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

134.    The acts complained of were carried out by the Defendant Officers in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

135.    Defendant Officers' actions constituted excessive force in the arrest and/or detainment of J.S.2.

136.    As a proximate result of the illegal and unconstitutional acts of the Defendants, J.S.2. was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT VIII**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**<u>(First Amendment – Retaliation for Protected Conduct)</u>**

***(O.N. v. Defendant Rivas)***

137.   Plaintiffs incorporate herein all prior allegations.

138.   Plaintiff engaged in Constitutionally protected conduct of exercising his First Amendment right to free speech by mouthing off and talking back to a police officer.

139.   Defendant Rivas used excessive force against O.N. for exercising his First Amendment right to free speech.

140.   In retaliation for this protected conduct, Defendant Rivas intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently slammed O.N. face-first onto the hot concrete.

141.   The excessive force used on O.N. was based on Defendant Rivas' knowing, deliberate, and reckless disregard for the truth where Defendant Rivas had no knowledge of any fact or circumstance which would lead a reasonable person to believe that O.N. was resisting Defendant.

142.   Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

143.   The retaliation was motivated at least in part by the protected speech.

144.   There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by Defendant against Plaintiff.

145.   Defendant Rivas intentionally used excessive force against O.N.

146.   Defendant's conduct in using excessive force deprived Plaintiff of his liberty without consent, probable cause, legal justification, just cause, or any other legally valid reason.

147.   As a proximate result of the illegal and unconstitutional acts of Defendant Rivas, Plaintiff was harmed and suffer damages for physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT IV**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Excessive Force)**

*(O.N. v. Defendant Rivas)*

148.   Plaintiffs incorporate herein all the prior allegations.

149.   Plaintiff suffered injuries as described herein as a direct result of the excessive and unnecessary force used by Defendant Rivas.

150.   At all times relevant, O.N., had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

151.   At all times relevant, as police officers acting under color of law, Defendant Rivas was required to obey the laws of the United States.

152.   Defendant Rivas intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently slammed O.N. on the concrete for exercising constitutionally protected conduct.

153.   The force used was objectively unreasonable and not proportional as O.N. was unarmed and did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

154.   At all times relevant, O.N. had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United

States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

155.    At all times relevant, as police officers acting under color of law, Defendant Rivas was required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

156.    In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Rivas employed unnecessary, unreasonable, and excessive force against him, thereby inflicting personal injuries upon him.

157.    All the aforementioned acts deprived O.N. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

158.    The acts complained of were carried out by Defendant Rivas in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

159.    Defendant Rivas' actions constituted excessive force against O.N in retaliation for protected conduct.

160.    As a proximate result of the illegal and unconstitutional acts of the Defendant, O.N. was harmed and suffered damages for physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs, ELIZABETH FLORES, on her own behalf and as the mother and next of friend of J.S.1., J.S.2., J.S.3., and A.S., minors, PRISCILLA RASCO, as the mother and next friend of J.R. and M.R., minors, and NORMA GUTIERRIEZ, as the mother and next friend of O.N., a minor, demand judgment and prays for the following relief, jointly and severally, against both Defendants:

      a.    Full and fair compensatory damages in an amount to be determined by a jury;

      b.    Punitive damages in an amount to be determined by a jury;

      c.    Reasonable attorney's fees and costs of this action; and

      d.    Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

Dated: August 30, 2019      EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner, Esq.
EXCOLO LAW, PLLC
Attorney for Plaintiffs
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com

## CERTIFICATE OF SERVICE

I hereby affirm that on this 30th day of August, 2019, that the foregoing document was filed with the Court's CM/ECF electronic filing system, and that a copy of said document was served upon all parties of record, via electronic service.

*/s/ Solomon M. Radner*